# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LaQuan Thompson,<br><br>　　　　Petitioner,<br><br>v.<br><br>Jerry Howell, et al.,<br><br>　　　　Respondents. | Case No.: 2:21-cv-00511-GMN-NJK<br><br>**Order** |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by LaQuan Thompson, a Nevada prisoner. On July 12, 2021, respondents filed a motion to dismiss arguing that Thompson has not exhausted state court remedies for nearly all the claims in his petition. ECF No. 10. They also argue that several claims are either not supported by sufficient factual allegations or fail to state a cognizable claim for federal habeas relief. This order decides that motion.

## I. PROCEDURAL BACKGROUND

In July 2014, a jury in the state district court for Elko County, Nevada, found Thompson guilty of trafficking in a schedule I controlled substance and transportation of a controlled substance. The court entered a judgment of conviction on November 5, 2014, sentencing him to a term of 10 to 25 years for trafficking and a concurrent term of 12 months to 4 years for transportation. On direct appeal, Thompson argued that the State presented insufficient evidence at trial to sustain his conviction. The Nevada Court of Appeals rejected that argument and affirmed the judgment of conviction.

In September 2015, Thompson filed a state habeas corpus petition in the state district court. After an evidentiary hearing at which Thompson was represented by counsel, the court denied the petition on the merits. On appeal, Thompson argued that his trial counsel was ineffective for not obtaining or presenting exculpatory evidence, in particular, evidence related to methamphetamine found in the motel room of one of Thompson's associates. In March 2021, the Nevada Court of Appeals rejected that argument and affirmed the lower court's denial of post-conviction relief.

That same month, Thompson initiated this federal habeas corpus proceeding.

II. EXHAUSTION

Respondents argue Thompson has failed to exhaust state court remedies for all the claims in his petition other than an ineffective assistance of counsel (IAC) claim in Ground 1. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.1981). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

In Ground 1, Thompson claims both a deprivation of due process under *Brady v. Maryland* based on the State's failure to disclose exculpatory evidence and a deprivation of his right to effective assistance of counsel under *Strickland v. Washington*. The factual basis for Ground 1 is the same as the one supporting Thompson's argument to the Nevada Court of Appeals in his state post-conviction proceeding. ECF No. 16-8. In that proceeding, however, he did not allege a *Brady* violation. *Id*. Consequently, Ground 1 is exhausted only with respect to Thompson's claim under *Strickland*.

For the remaining claims, respondents argue they are all unexhausted because they were not presented in Thompon's direct appeal or the appeal in his state post-conviction proceeding. This argument is supported by the record. ECF Nos. 14-1 and 16-8. In addition, Thompson has not filed a response to the motion to dismiss. *See* LR 7-2(d), Local Rules of Practice ("The failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion."). Thus, all of Thompson's claims for habeas relief are unexhausted except for the IAC claim in Ground 1.

### III.  SUFFICIENT PLEADING

In a habeas proceeding, notice pleading is insufficient, as a habeas petition must state facts that point to a real possibility of constitutional error. Rule 4, Rules Governing § 2254 Cases (Advisory Note, 1976 Adoption); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Mere conclusions of violations of federal rights without specific supporting allegations do not state a basis for habeas corpus relief. *Mayle v. Felix*, 545 U.S. 644, 649 (2005); *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). Conclusory allegations not supported by facts are subject to dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In his headings for Grounds 1, 2, 4, 5, 6, 7, 9, and 10, Thompson refers to a violation of his right to effective assistance of counsel in addition to other constitutional violations. Respondents argue that, in each case, Thompson fails to plead sufficient facts to state a basis for federal habeas relief for an IAC claim. While the court agrees that at least some of these IAC claims lack sufficient specificity, some, including Ground 1, allege facts that at least point to the possibility of constitutional error. Also, all the IAC claims except for Ground 1 are unexhausted. Accordingly, as explained below, they must either be abandoned or presented to the Nevada courts. If the latter, Thompson can amend his IAC claims to comply with habeas pleading standards. Thus, the court declines to dismiss any of the IAC claims for failing to meet habeas pleading standards.

Respondents also argue that Ground 7 is duplicative of Ground 1 and that Ground 9 is barred by the holding in *Stone v. Powell*, 428 U.S. 465, 482 (1976), which prohibits habeas review of Fourth Amendment violations that the petitioner had an opportunity to litigate in state court. Each of these arguments are well-founded and unopposed by Thompson. Thus, the two claims will be dismissed. As to Ground 9, however, the court notes that Thompson may have a cognizable claim that his counsel was ineffective by not bringing a motion to suppress based on the Fourth Amendment.

IV. MIXED PETITIONS

Because Thompson has presented a mixed petition -- that is, one containing both exhausted and unexhausted claims – this court is unable to adjudicate it. *See Rose v. Lundy*, 455 U.S. at 518–19 (imposing a "total exhaustion rule" for federal habeas petitions). However, a petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims. *See, e.g., Jefferson v.*

4

*Budge*, 419 F.3d 1013, 1016–17 (9th Cir. 2005) (reversing and remanding the dismissal of a mixed habeas petition because the district court failed to offer the petitioner the opportunity to amend his petition to abandon the unexhausted claims).

Alternatively, the Supreme Court has held that "a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Rhines v. Weber*, 544 U.S. 269, 271–72 (2005).  This discretion is to be exercised under "limited circumstances," *id*. at 277, because "routinely granting stays would undermine the AEDPA's goals of encouraging finality and streamlining federal habeas proceedings." *Blake v. Baker*, 745 F.3d 977, 981–82 (9th Cir. 2014).

The stay-and-abeyance procedure is appropriate only where the habeas petitioner has shown: (1) "good cause" for the failure to exhaust, (2) the unexhausted claim is "potentially meritorious," and (3) the petitioner did not "engage[ ] in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.  "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust the claim in state court. *Blake*, 745 F.3d at 982.  However, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277.

In light of the foregoing, the court will provide Thompson the opportunity to either (1) abandon his unexhausted claims and proceed on his remaining claim, (2) voluntarily dismiss his federal petition in order to return to state court to exhaust his unexhausted claims, or (3) file a motion for a stay and abeyance.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is GRANTED in part and DENIED in part. Grounds 7 and 9 are DISMISSED for the reasons noted above. All of claims in Thompson's habeas petition (ECF No. 5) are unexhausted except for the IAC claim in Ground 1.

**IT IS FURTHER ORDERED** that, with respect to his unexhausted claims, Thompson shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims;[1] OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Thompson chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7–2.

**IT IS FURTHER ORDERED** that if Thompson elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date Thompson serves his declaration of abandonment in which to file an answer to Thompson's remaining grounds for relief.

**IT IS FURTHER ORDERED** that Thompson shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if Thompson fails to respond to this order within the time permitted; this case may be dismissed pursuant to *Rose v. Lundy*.

---

[1] In offering this option, the court makes no assurances as to whether any future petition filed in this court would be timely under 28 U.S.C. § 2244(d). The pendency of this proceeding has not tolled the statutory filing period. *See Duncan v. Walker*, 533 U.S. 167 (2001).

**IT IS FURTHER ORDERED** that respondents' motion to extend time (ECF No. 9) is GRANTED *nunc pro tunc* as of June 17, 2021.

Dated: January 6, 2022

_____
U.S. District Judge Gloria M. Navarro